UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CLARK, and LUCINDA PROUTY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAELS STORES, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive<br><br>Defendants. | Case No.  05-CV-1678 WQH (JMA)<br><br>**CLASS ACTION**<br><br>**ORDER ON FINAL APPROVAL OF CLASS ACTION SETTLEMENT, JUDGMENT AND DISMISSAL** |

HAYES, Judge:

Pending before the Court is the parties' joint motion for Final Approval of the Class Action Settlement (Doc. # 57).

**BACKGROUND**

On August 25, 2005, Defendant Michaels Stores removed Plaintiffs' Class Action Complaint to this Court from the California State Superior Court.  (Doc. #

1). Thereafter, the Court resolved certain discovery disputes and the parties appeared at a number of conferences before the Honorable Jan M. Adler, United States Magistrate Judge. (Docs. # 8-29). On or before October 24, 2006, the parties settled the case. (Doc. # 30).

On March 13, 2007, the parties filed a joint motion for Preliminary Approval of the Class Action Settlement. (Doc. # 38). On April 23, 2007, the parties appeared before the Honorable William Q. Hayes, United States District Judge, to argue in support of their motion for Preliminary Approval of the Class Action Settlement. (Doc. # 46). Thereafter, on April 24, 2007, the Court ordered the parties to submit additional briefing with respect to class certification (Doc. # 48), and on May 2, 2007, the parties filed requested supplemental briefing and additional supporting declarations. (Docs. # 49, 50). On May 23, 2007, and after reviewing the relevant case law and the parties' moving papers and supporting declarations, the Court granted the parties motion for Preliminary Approval of the Class Action Settlement and conditionally certified the case as a class action. (Doc. # 54).

On October 3, 2007, the parties filed the presently pending motion for Final Approval of the Class Action Settlement (Doc. # 57). In support of the motion, the parties submitted substantial briefing, exhibits, and declarations. (Docs. # 57-58).

## STANDARD OF REVIEW

"The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions." *West v. Circle K Stores, Inc.*, No. CIV S-04-0438 WBS GGH, 2006 U.S. Dist. LEXIS 42074, *3 (E.D. Cal. Jun. 13, 2006) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). However, when presented with a motion to finally approve a class action settlement, "judges have the responsibility of ensuring fairness to all members of the class presented for certification." *Staton v. Boeing, Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

1  Particularly "in the context of a case in which the parties reach a settlement
2  agreement prior to class certification, courts must peruse the proposed compromise
3  to ratify both the propriety of the certification and the fairness of the settlement."
4  *Id.* In determining whether to approve a class action settlement, a district court
5  must (1) "assess whether a class exists," and (2) "carefully consider 'whether a
6  proposed settlement is fundamentally fair, adequate, and reasonable,' recognizing
7  that '[i]t is the settlement taken as a whole, rather than the individual component
8  parts, that must be examined for overall fairness . . . .'" *Id.* (citing *Hanlon v.*
9  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

## ORDER

This matter having come before this Court for hearing for final approval of the settlement set forth in the Settlement Agreement pursuant to the Order of Preliminary Approval, and due and adequate notice having been given as required in said Order, and the Court having carefully considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefor, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court finds that the Settlement Agreement was entered into in good faith and that it constitutes a fair, reasonable and adequate compromise between the Parties.

2. The Court finds and finally certifies the proposed Class for the purposes of this settlement pursuant to FED. R. CIV. P. 23, and in conformance with this Court's Order of conditional certification and the parties supplemental briefing on class certification. *See* (Docs. 49, 54).

3. If this Judgment and the settlement do not become final and effective

1  in accord with the terms of the Settlement Agreement, then this Judgment and all
2  orders entered in connection therewith shall be deemed null and void and shall be
3  vacated.

5      4.     This Court has jurisdiction over the subject matter of this Litigation
6  and over all Parties to this litigation.

8      5.     Distribution of the Notice of Settlement ("Notice") to members of the
9  Class as described in the Settlement Agreement and as preliminarily approved by
10 the Court, has been completed in conformity with the Order of Preliminary
11 Approval of Class Action Settlement filed May 23, 2007.  Such individual Notice
12 was mailed to all members of the Class who could be identified through reasonable
13 effort, and was the best notice practicable under the circumstances.  This Notice
14 provided due and adequate notice of the proceedings and of the matters set forth
15 therein, including the proposed terms set forth in the Settlement Agreement, to all
16 persons entitled to such Notice.  The Notice fully satisfied the requirements of due
17 process as to the settlement.  No member of the Class objected to the settlement,
18 and only 161 members of the Class requested to be excluded from the settlement.
19 These 161 Class Members represent less than 1% of the Settlement Class.

21     6.     For purposes of this Judgment, the term "Settlement Class Member"
22 means all persons employed in any non-exempt position by MICHAELS STORES,
23 INC., in its retail stores in the State of California at any time during the Class
24 Period, July 13, 2001 through January 14, 2007.

26     7.     This Court hereby approves the settlement and finds that the
27 settlement is, in all respects, fair, adequate and reasonable, and directs the Parties
28

ORDER ON FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, JUDGMENT AND DISMISSAL                    Case No. 05-CV-1678 WQH (JMA)
-3-

to effectuate the settlement according to its terms.  The Court has considered numerous factors, including the opinions and experience of counsel; the procedural history of the case including the litigation status at the time of the settlement; the risk, expense, complexity, and likely duration of further litigation; and the terms negotiated in the settlement.  Accordingly, the Court hereby approves the terms of the settlement as fair, reasonable, adequate and in the best interests of the Parties and the Class.

8.     The Court further finds that the settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including voluntary, non-binding mediation before an experienced mediator.  The Court finds that the Parties have conducted extensive investigation, research, and discovery and that counsel for the Parties are able to reasonably evaluate the Parties' respective positions.  The Court finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court has reviewed the monetary recovery prescribed by the Settlement Agreement and recognizes the significant value to the Class of that monetary recovery.

9.     As of the effective date[1] of settlement, the released claims of each member of the Class, pursuant to the terms of the Settlement Agreement, are and shall be deemed to be fully, finally, and conclusively released as against Defendant, MICHAELS STORES, INC., and each member of the Class shall be

---

[1] "Final Approval" defined in the Settlement Agreement at Paragraph 1.4, means "the date when this Stipulation of Settlement has been approved by the District Court and the period for appeal has expired, or in the event of an appeal, the appeal has been finally resolved to uphold the District Court's approval of the Stipulation of Settlement."

forever barred and enjoined from prosecuting the released claims.

10. The Court hereby dismisses the Litigation on the merits and with prejudice, pursuant to the terms of the Settlement Agreement, against the Named Plaintiffs and all members of the Class who have not requested exclusion in favor of Defendant as to all claims asserted, *excepting* therefrom pursuant to the terms of the Settlement Agreement, the claims for overtime or off-the-clock pay, and related claims for record-keeping, waiting time penalties, itemized wage statements, attorneys' fees, and unfair competition law claims, which claims will be dismissed *without* prejudice. However, with respect to such overtime or off-the-clock claims, they will be dismissed *with* prejudice by only those members of the Encinitas Sub-Class who have not requested exclusion pursuant to the terms of the Settlement Agreement.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED**.

DATED: November 14, 2007

_____
**WILLIAM Q. HAYES**
United States District Judge